## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISON

| | |
|---|---|
| JASMINE KOUTSOFIOS, Individually and for Others Similarly Situated <br><br> v. <br><br> MANAGEMENT HEALTH SYSTEMS, LLC D/B/A MEDPRO HEALTHCARE STAFFING | Case No. _____ <br><br> FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.    Jasmine Koutsofios (Koutsofios) brings this lawsuit to recover unpaid overtime wages and other damages from Management Health Systems LLC d/b/a MedPro Healthcare Staffing (MedPro) under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*

2.    Koutsofios worked for MedPro as an Assistant Nurse Recruiter/Placement Guide.

3.    Koutsofios and the Putative Class Members (as defined below) regularly worked more than 40 hours in a week.

4.    MedPro classified Koutsofios and the Putative Class Members as non-exempt from overtime and paid them on an hourly basis plus guaranteed commissions.

5.    But MedPro never included Koutsofios and the Putative Class Members' commissions in calculating these employees' regular rates of pay for overtime purposes.

6.    Thus, MedPro violated the FLSA by failing to compensate Koutsofios and the Putative Class Members overtime at a rate not less than 1.5 times their regular rates of pay—as defined by the FLSA—for all hours worked in excess of 40 hours in a single workweek.

7.    Further, MedPro only paid Koutsofios and the Putative Class Members hours these employees worked in excess of 40 hours in a week that were approved by MedPro.

8.      If MedPro did not approve the overtime hours Koutsofios and the Putative Class Members worked, MedPro did not pay them anything for these overtime hours.

9.      But due to the nature of the healthcare recruiting industry and the atypical schedules of the healthcare professionals that MedPro recruits and places, Koutsofios and the Putative Class Members are routinely forced to work "unapproved" overtime, outside of their scheduled shifts, "off the clock" to complete their job duties.

10.     MedPro knew, or should have known, Koutsofios and the Putative Class Members were regularly working "off the clock" because MedPro expected and required these employees to do so.

11.     But MedPro never paid Koutsofios and the Putative Class Members for the "unapproved" overtime they worked "off the clock."

12.     Thus, under MedPro's common policies and practices, Koutsofios and the Putative Class Members were denied overtime for all hours worked in excess of 40 hours in a workweek in violation of the FLSA.

13.     Koutsofios brings this collective action lawsuit to recover the unpaid overtime and other damages MedPro owed to her and the Putative Class Members.

## JURISDICTION & VENUE

14.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA, 29 U.S.C. § 216(b).

15.     This Court has general personal jurisdiction over MedPro with respect to this action because MedPro is headquartered in Sunrise, Florida, and conducts substantial business in this District and Division, including employing numerous workers, like Koutsofios, in this District and Division.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because MedPro maintains its headquarters in Sunrise, Florida, which is in this District and Division.

## PARTIES

17.     Koutsofios was employed by MedPro as an Assistant Nurse Recruiter/Placement Guide from approximately January 2016 until December 2020.

18.     Throughout her employment, MedPro classified her as non-exempt from overtime and paid her on an hourly basis plus commissions.

19.     Throughout her employment, MedPro failed to include Koutsofios's commissions in calculating her regular rate for overtime purposes in violation of the FLSA.

20.     Throughout her employment, MedPro failed to pay Koutsofios for any hours she worked in excess of 40 hours in a week that MedPro had not approved in violation of the FLSA.

21.     Koutsofios written consent is attached as **Exhibit 1**.

22.     Koutsofios brings this action on behalf of herself and all other similarly situated hourly, non-exempt MedPro employees who were paid under MedPro's hourly plus commission pay plan.

23.     MedPro classified each of these employees as non-exempt from overtime and paid them on an hourly basis plus commissions.

24.     MedPro failed to include each of these employees' commissions in calculating their regular rates of pay for overtime purposes in violation of the FLSA.

25.     MedPro also failed to pay each of these employees for any hours they worked in excess of 40 hours in a week that MedPro had not approved.

26.     The FLSA collective of similarly situated employees sought to be certified is defined as:

> **All current and former MedPro Assistant Nurse Recruiters and Placement Guides who were classified as non-exempt, were paid on an hourly plus commissions basis, and who were subject to MedPro's overtime approval policy at any time during the past three (3) years ("Putative Class Members" or "Putative Class").**

27.     The Putative Class Members are easily ascertainable from MedPro's business and personnel records.

28. Defendant Management Health Systems LLC d/b/a MedPro Healthcare Staffing is a Delaware limited liability company that may be served with process by serving its registered agent: **C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324**.

### COVERAGE UNDER THE FLSA

29. At all relevant times, MedPro was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

30. At all relevant times, MedPro was an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. §203(r).

31. At all relevant times, MedPro was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, landline phones, equipment, and computers – that have been moved in or produced for commerce.

32. At all relevant times, MedPro has had and has an annual gross volume of sales made or business done of not less than $1,000,000.00.

33. At all relevant times, MedPro and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

34. MedPro uniformly failed to include Koutsofios and the Putative Class Members' commissions in calculating these employees' regular rate of pay for overtime purposes.

35. By paying Koutsofios and the Putative Class Members commissions that were not included in MedPro's regular rate calculations for overtime purposes, MedPro violated (and continues to violate) the FLSA's requirement that it pay employees overtime compensation at 1.5 times their regular rates for hours worked in excess of 40 hours in a workweek.

36.     MedPro's uniform compensation scheme of paying its employees commissions that are not included in MedPro's regular rate calculations for overtime purposes is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

37.     Likewise, MedPro uniformly failed to pay Koutsofios and the Putative Class Members overtime for "unapproved" overtime hours they worked in excess of 40 in a workweek.

38.     By failing to pay Koutsofios and the Putative Class Members for the "unapproved" overtime hours they worked "off the clock," MedPro violated (and continues to violate) the FLSA's requirement that it pay employees overtime compensation at 1.5 times their regular rates for all hours worked in excess of 40 hours in a workweek.

39.     MedPro's uniform compensation scheme of failing to pay its employees for any "unapproved" overtime hours they work "off the clock" is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

40.     As a result of MedPro's uniform policies and practices, Koutsofios and the Putative Class Members do not receive overtime as required by the FLSA.

## FACTUAL ALLEGATIONS

41.     MedPro provides nationwide nurse recruitment, medical staffing solutions, and locum tenen's staffing.

42.     To complete its business objectives, MedPro employs Assistant Nurse Recruiters/Placement Guides to assist its Recruiters with finding and placing nurses and other healthcare professionals in positions throughout the country.

43.     As an Assistant Nurse Recruiter/Placement Guide, Koutsofios's primary job duties included calling and emailing potential candidates and preparing profiles on these healthcare workers to assist MedPro Recruiters with screening candidates' qualifications, preparing them for interviews, and placing them in medical facilities across the country.

44.     MedPro admits Koutsofios and the Putative Class Members are non-exempt employees entitled to overtime under the FLSA.

45.     Indeed, MedPro uniformly classifies its Assistant Nurse Recruiters/Placement Guides, including Koutsofios and the Putative Class Members, as non-exempt from overtime and pays them on an hourly basis plus commissions.

46.     For example, throughout her employment, MedPro paid Koutsofios $15/hour plus additional guaranteed commissions, the latter of which MedPro paid on a monthly basis.

47.     From 2016 until approximately September 2020, MedPro paid Koutsofios commissions based on the number of hours worked by nurses whom her supervising Recruiters placed.

48.     In approximately September 2020, MedPro began capping Koutsofios's and the Putative Class Members' commissions at $6,000/month.

49.     Further, in November 2020, MedPro began paying Koutsofios and the Putative Class Members a guaranteed minimum of $250/week for commissions.

50.     But MedPro never includes Koutsofios and the Putative Class Members' commissions in calculating these employees' regular rates of pay for overtime purposes in violation of the FLSA.

51.     For example, throughout her employment, MedPro paid only Koutsofios $22.50 (or 1.5 times her $15 hourly rate) for hours she worked in excess of 40 hours in a single workweek that MedPro had approved.

52.     This is despite MedPro regularly paying Koutsofios substantial commissions that MedPro failed to include in calculating Koutsofios's regular rate of pay for overtime purposes.

53.     Koutsofios and the Putative Class Members regularly work in excess of 40 hours each week.

54.     MedPro typically scheduled Koutsofios and the Putative Class Members to work 8-hour shifts for 5 days a week.

55.     MedPro required Koutsofios and the Putative Class Members to obtain pre-approval from upper management to be paid for any overtime hours they worked outside of their scheduled shifts.

56.     If MedPro did not approve the overtime hours Koutsofios and the Putative Class Members worked, MedPro would not pay them anything for these "unapproved" overtime hours worked.

57.     Instead, MedPro only pays Koutsofios and the Putative Class Members overtime compensation for hours these employees work in excess of 40 in a week that are approved by MedPro.

58.     But due to the nature of the healthcare recruiting industry and the atypical schedules of the healthcare professionals that MedPro recruits and places, Koutsofios and the Putative Class Members are routinely forced to work "unapproved" overtime "off the clock" to complete their job duties.

59.     For example, because many of the healthcare professionals MedPro recruits and places work night shifts and otherwise non-business hours, Koutsofios and the Putative Class Members are regularly required to answer and make calls to and from candidates, prepare candidate profiles, and schedule interviews "off the clock," outside their typical scheduled shifts.

60.     Further, because this "off the clock" work occurs when outside regular business hours, MedPro management is unavailable to approve Koutsofios and the Putative Class Members' "off the clock" overtime.

61.     Under MedPro's uniform overtime approval policy, however, MedPro does not pay Koutsofios and the Putative Class Members for this "unapproved" overtime these employees routinely work "off the clock."

62.     Thus, MedPro's uniform overtime approval policy violated the FLSA because it deprives Koutsofios and the Putative Class Members of pay for all hours worked, including when these employees work in excess of 40 hours in a workweek.

63.     Indeed, including the "unapproved" overtime hours Koutsofios and the Putative Class Members worked "off the clock," these employees regularly work in excess of 40 hours a week.

64.     But MedPro does not pay Koutsofios and the Putative Class Members for these "unapproved" overtime hours in violation of the FLSA.

65.     MedPro knew, or should have known, Koutsofios and the Putative Class Members were regularly working "unapproved" overtime hours "off the clock" because MedPro expected and required these employees to do so.

66.     But MedPro never paid Koutsofios and the Putative Class Members for the time they worked "off the clock," including when they worked in excess of 40 hours in a single workweek.

67.     Likewise, MedPro never paid Koutsofios and the Putative Class Members for the hours they worked in excess of 40 in a week that MedPro did not approve.

68.     Thus, under MedPro's common policies and practices, Koutsofios and the Putative Class Members were denied overtime for all hours worked in excess of 40 hours in a workweek in violation of the FLSA.

69.     MedPro knew, should have known, or showed reckless disregard for the fact Koutsofios and the Putative Class Members worked significant overtime without being compensated for the same.

70.     MedPro knew, should have known, or showed reckless disregard for the fact Koutsofios and the Putative Class Members were non-exempt employees entitled to overtime pay.

71.     MedPro knew, should have known, or showed reckless disregard for the fact the FLSA required it to pay Koutsofios and the Putative Class Members overtime for all hours these employees worked in excess of 40 in a week, regardless of whether MedPro approved such hours.

72.     MedPro knew, should have known, or showed reckless disregard for the fact the FLSA required it to include Koutsofios and the Putative Class Members' commissions in calculating these employees' regular rates for overtime purposes.

73.     MedPro knowingly, willfully, and/or in reckless disregard carried out these illegal practices and policies that deprived Koutsofios and the Putative Class Members of overtime compensation at the proper premium rate for all hours worked in excess of 40 in a single workweek in violation of the FLSA.

74.     Nonetheless, MedPro failed to include Koutsofios and the Putative Class Members' commissions in calculating these employees' regular rates for overtime purposes.

75.     Likewise, MedPro failed to pay Koutsofios and the Putative Class Members overtime for any "unapproved" or "off the clock" hours these employees worked in excess of 40 in a week.

76.     MedPro's failure to pay Koutsofios and the Putative Class Members overtime compensation at the proper rate for all hours these employees worked in excess of 40 in a single workweek was not reasonable.

77.     Nor was MedPro's decision not to pay Koutsofios and the Putative Class Members overtime at the proper rate for all hours these employees worked in excess of 40 in a single workweek made in good faith.

## COLLECTIVE ACTION ALLEGATIONS

78.     Koutsofios incorporates all previous paragraphs and alleges that the illegal pay policies and practices MedPro imposed on her were likewise imposed on the Putative Class Members.

79.     Numerous individuals were victimized by MedPro's pattern, practices, and policies which are in willful violation of the FLSA.

80.     Numerous other individuals, like Koutsofios, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

81.     Based on her experiences and tenure with MedPro, Koutsofios is aware that MedPro's illegal practices were likewise imposed on the Putative Class Members.

82.     The Putative Class Members were all not paid for the hours they worked in excess of 40 in a single week that MedPro management had not approved.

83.     Likewise, the Putative Class Members' commissions were not included in MedPro's calculation of these employees' regular rates of pay for overtime purposes.

84.     MedPro's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

85.     The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

86.     Indeed, as Assistant Recruiters/Placement Guides, Koutsofios and the Putative Class Members all performed the same general job duties and were subject to the same unlawful policies and practices which are in willful violation of the FLSA.

87.     Koutsofios has no interest contrary to, or in conflict with, the Putative Class Members.

88.     Like each Putative Class Member, Koutsofios has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

89.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

90.     Absent this collective action, many Putative Class Members likely will not obtain redress of their injuries, and MedPro will reap the unjust benefits of violating the FLSA and applicable state labor laws.

91.     Furthermore, even if some of the Putative Class Members could afford individual litigation against MedPro, it would be unduly burdensome to the judicial system.

92.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

93.     Koutsofios and the Putative Class Members sustained damages arising out of MedPro's illegal and uniform employment policies and practices.

94.     Koutsofios knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

95.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts; therefore, this issue does not preclude collective action treatment.

96.     MedPro is liable under the FLSA for failing to pay overtime to Koutsofios and the Putative Class Members.

97.     Consistent with MedPro's illegal pay policies and practices, Koutsofios and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

98.     As part of their regular business practices, MedPro intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Koutsofios and the Putative Class Members.

99.     MedPro's illegal pay policies and practices deprived Koutsofios and the Putative Class Members of the premium overtime wages they are owed under federal law.

100.    MedPro is aware, or should have been aware, that the FLSA required it to pay Koutsofios and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

101.    There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

102.    This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

103.    Those similarly situated employees are known to MedPro, are readily identifiable, and can be determined through MedPro's business and personnel records.

**CAUSE OF ACTION**
**FLSA VIOLATIONS**

104.    Koutsofios incorporates all previous paragraphs and allegations.

105.    As set forth herein, MedPro violated (and continues to violate) the FLSA by failing to pay Koutsofios and the Putative Class Members overtime at 1.5 times their regular rates of pay – as defined by the FLSA – for all hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

106.    At all relevant times, MedPro has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

107.    MedPro employed Koutsofios and each Putative Class Member.

108.    MedPro's uniform pay policies and practices described in this Complaint denied Koutsofios and the Putative Class Members overtime compensation at a rate not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 in a single workweek, regardless of whether MedPro approved such overtime hours or whether they were "off the clock," in violation of the FLSA.

109.    MedPro knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA.

110.    MedPro's failure to pay overtime to Koutsofios and the Putative Class Members at the proper premium rates is willful because MedPro knew Koutsofios and the Putative Class Members were non-exempt employees who regularly worked over 40 hours in certain workweeks, but MedPro nevertheless did not pay them overtime.

111.    MedPro knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Koutsofios and the Putative Class Members overtime compensation at the proper premium rates.

112.    MedPro's failure to pay overtime compensation to Koutsofios and the Putative Class Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

113.    Accordingly, Koutsofios and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their regular rate of pay, plus liquidated damages, attorney's fees, and costs.

**JURY DEMAND**

114.    Koutsofios demands a trial by jury.

**PRAYER**

WHEREFORE, Koutsofios individually, and on behalf of the Putative Class Members, prays for the following relief:

a.    An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the Putative Class Members allowing them to join this action by filing a written notice of consent;

b.    A Judgment against MedPro awarding Koutsofios and the Putative Members all their unpaid overtime compensation and an equal amount as liquidated damages;

c.    An Order awarding attorneys' fees, costs, and expenses;

d.    Pre- and post-judgment interest at the highest applicable rates; and

e.    Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By:     /s/ *Ryan Morgan*
        C. Ryan Morgan, Esq.
        FBN 0015527
**MORGAN & MORGAN, P.A.**
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:      (407) 420-1414
Facsimile:      (407) 235-3401
Email:          rmorgan@forthepeople.com
*Local Counsel for Plaintiff*

Michael A. Josephson*
TX Bar No. 24014780
Andrew W. Dunlap*
TX Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone:      713-352-1100
Facsimile:      713-352-3300
Emails:         mjosephson@mybackwages.com
                adunlap@mybackwages.com

Richard J. (Rex) Burch*
TX Bar No. 24001807
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone:      713-877-8788
Facsimile:      713-877-8065
Email:          rburch@brucknerburch.com
*\*Pro hac vice applications forthcoming*

**ATTORNEYS FOR PLAINTIFF &
THE PUTATIVE CLASS MEMBERS**